IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:05-CR-213 |
| | § | |
| DEMETRIUS FLENORY | § | |

**ORDER**

Came on to be considered this day the Defendant's Motion for Continuance of Trial (Doc. No. 19). The Court, having considered said motion, is of the opinion that Defendant's motion is meritorious and should be **GRANTED**.

The Pretrial Hearing in this matter was set for a criminal session of this Court in the Sherman Division of the Eastern District of Texas, commencing on December 7, 2005, and Jury Selection and Trial commencing December 12, 2005. The Defendant is charged with one count of felon in possession of a firearm. The Defendant requests that the trial, pretrial conference, and all motions deadlines in the above captioned matter be continued until the conclusion of the case pending against Defendant in the United States District Court, Eastern District of Michigan, Southern Division. The Government has no objection to the motion.

Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act establish that a speedy trial and the prompt administration of justice are desirable ends that weigh against a continuance. Nonetheless, speed is neither the paramount, nor the only consideration. Many other important values may conflict with the need for speed in the trial of a criminal case. Delay in trial that promotes the fairness of the trial, and the purposes

served by the trial, is delay well worth the administrative costs it may impose. Prompt justice must be fair, or it is not truly justice. "[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render a right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *Kirkpatrick v. Blackburn*, 777 F.2d 272, 278 (5th Cir. 1985), *cert. denied*, 476 U.S. 1178 (1986).

The Speedy Trial Act excludes from computation of the time between indictment and trial any delay resulting from the grant of a continuance, if the judge finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). *See United States v. Eakes*, 783 F.2d 499 (5th Cir.), *cert. denied*, 477 U.S. 906 (1986). The Defendant is going to be transferred to the Eastern District of Michigan for trial in an eleven-count, twenty-nine page indictment involving multiple defendants prior to trial of the charges against him in the Eastern District of Texas. Accordingly, the ends of justice are served by continuing this case so that the matter in Michigan may proceed without delay. The ends of justice outweigh the best interest of the public and the Defendant in a speedy trial and are served by taking this action. 18 U.S.C. § 3161(h)(8)(A).

Pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv), and in the exercise of the court's discretion, the Court **ORDERS** that the motion for continuance should be, and is hereby, **GRANTED**. It is further

**ORDERED** that the above captioned matter is continued until the conclusion of the

case pending against Defendant in the Eastern District of Michigan.  It is further

**ORDERED** that Counsel for the Defendant shall notify this Court within 10 days of final judgment as to the Defendant in the case pending against him in the Eastern District of Michigan.

**It is so ORDERED.**

**SIGNED this 30th day of November, 2005.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE